UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| HARRELL HOWARD, Individually and On Behalf of All Others Similarly Situated <br><br> Plaintiff, <br><br> versus <br><br> FLEETWOOD TRANSPORTATION SERVICES, INC. <br><br> Defendant. | CASE NO.:   2:19-cv-1155 <br><br><br><br><br><br> COLLECTIVE ACTION |

_____

## ORIGINAL COMPLAINT

### SUMMARY

1. Fleetwood Transportation Services, Inc. ("Defendant") employs truck drivers to pick up wood chips from mills to deliver to local paper mills.

2. Although these drivers regularly work more than forty (40) hours in a workweek, Defendant does not pay them overtime.

3. Defendant's policy of not paying these employees overtime wages violates the Fair Labor Standards Act ("FLSA").

4. This collective action seeks to recover the unpaid wages, liquidated damages and other damages owed to these drivers, together with attorneys' fees, interest and costs of these proceedings.

### JURISDICTION & VENUE

5. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant conducts substantial business in this District, sending Plaintiff and FLSA Collective members to perform work in this District while subjecting them to Defendant's improper and illegal payroll practices.

## PARTIES

7. Harrell Howard ("Plaintiff") was employed by Defendant as a truck driver and was paid a piece-rate. Plaintiff is domiciled in Louisiana and picked up wood chips from mills in Louisiana and delivered those loads to paper mills in Louisiana.

8. Plaintiff's assigned routes were intrastate within Louisiana. Plaintiff did not receive or deliver products outside the State of Louisiana.

9. Plaintiff's written consent to join this action is attached. (Exhibit "A").

10. Upon information and belief, Defendant is a Texas corporation not authorized to do but doing business in the State of Louisiana.

11. Defendant may be served through its registered agent, Harry H. Lynch, 1845 Woodall Rodgers Freeway, Suite 1600, Dallas, Texas 75201.

12. Defendant paid each of the FLSA Collective members a piece-rate, salary or hourly wage with no overtime premium for hours worked in excess of forty (40) in a workweek.

13. Defendant's payroll practice, and classification of these workers as overtime exempt, violated the FLSA.

## FACTS

14. Defendant is in the business of hauling forest products, including wood chips, from various mills and delivering them to local paper mills.[1]

15. Defendant's Forest Products Division conducts business throughout Texas, Louisiana, Arkansas and Mississippi.

16. Defendant employed drivers like Plaintiff to pick up wood chips from mills in Florien, Louisiana ("Florien") and Oakdale, Louisiana ("Oakdale"), and deliver the wood chips to a paper mill in Deridder, Louisiana ("Deridder").

17. The wood chips were converted to paper products after delivery to the Deridder paper mill.

18. Upon information and belief, Defendant has other forest product operations in Texas, Louisiana, Arkansas and Mississippi which all operate in a similar manner.

19. Defendant's employees routinely handle goods or materials – such as trucks, tires, trailers and Zonar tracking devices - that have moved in, or were produced for, interstate commerce.

20. In each of the past three years, Defendant's gross revenue has far exceeded $500,000.

21. Drivers in the Louisiana Forest Products Division delivered loads of wood chips and other tree material from mills in Louisiana to other locations within the state to be processed and converted into various paper products.

---

[1] http://www.ftwd.net/divisions/forest-products (last visited on 8/26/2019).

22. Numerous other Truck Drivers also drove intrastate routes, and delivered wood chips from mills in Florien or Oakdale to a paper mill in Deridder to be processed and converted into various paper products.

23. Defendant paid Plaintiff a piece-rate based on the number of loads hauled from the mills in Florien or Oakdale to a paper mill in Deridder. For a short period of time, Plaintiff was paid a salary.

24. Plaintiff worked for Defendant from approximately January 2019 until July 2019.

25. Plaintiff was regularly scheduled to work over forty (40) hours in a workweek. Plaintiff's usual daily work shift was from 1:00 p.m. until 1:00 a.m., and later changed to 4:00 p.m. until 4:00 a.m. Plaintiff worked five (5) to six (6) days per week.

26. For example, Plaintiff worked in excess of forty (40) hours during the week of March 30, 2019 to April 5, 2019.  Although Plaintiff worked overtime during this period, he was paid solely on his piece-rate of $59.16 per load or $57.61 per load.  He was not paid an overtime premium for the hours worked in excess of forty (40) during that workweek.

27. An employer can pay a non-exempt employee on a piece-rate basis *provided* the employee receives overtime pay for hours worked in excess of forty (40) in a workweek, which Defendant did not pay. 29 C.F.R. § 778.111

28. Plaintiff's work schedule is typical of the work schedule for the FLSA Collective members.

29. Over the past three (3) years, Defendant employed dozens of individuals – including Plaintiff – as intrastate truck drivers hauling loads of wood chips between wood mills and paper mills within the same state.

30. The FLSA Collective members are not exempt from the overtime requirements of the FLSA.

31. While the precise job duties of the FLSA Collective members may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek.

32. All of the FLSA Collective members perform manual labor in support of Defendant's forest products operation.

33. All of the FLSA Collective members are entitled to overtime pay.

34. None of the FLSA Collective members received overtime pay.

35. Defendant knows the FLSA Collective members worked more than forty (40) hours in a workweek.

36. Defendant routinely scheduled Plaintiff and other FLSA Collective members to work more than forty (40) hours per workweek.

37. Defendant knows the FLSA Collective members were not exempt from the overtime requirements of the FLSA.

38. Nonetheless, Defendant did not (and does not) pay the FLSA Collective members overtime wages for hours worked in excess of forty (40) in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings this claim under Section 216(b) of the FLSA as a collective action.

40. The same policy that caused Plaintiff to be denied his overtime pay caused the FLSA Collective members to be denied their overtime pay.

41. While the precise job duties performed by the FLSA Collective members might vary somewhat, these differences do not matter for the purpose of determining their entitlement to overtime.

42. Nor do any differences in job duties matter for determining whether Defendant's policy of not paying the FLSA Collective members overtime is legal.

43. The members of the FLSA Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

44. Because Defendant uniformly failed to pay overtime to the FLSA Collective members, Plaintiff and the FLSA Collective members are similarly situated within the meaning of 29 U.S.C. § 216(b).

45. Upon information and belief, Defendant employed numerous truck drivers who were paid hourly, salary or piece-rate, like Plaintiff, in the United States during the past three (3) years.

46. Nearly all of the questions related to Plaintiff and the FLSA Collective members can be answered on a collective basis.

47. Defendant's practice of not paying members of the FLSA Collective overtime wages is based on established companywide policies.

48. Defendant's payroll and time-keeping records would permit accurate calculation of damages with respect to each member of the FLSA Collective.

49. Absent a collective action, many members of the FLSA Collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the FLSA.

50. Furthermore, individual litigation would be unduly burdensome to the judicial system.

51. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the FLSA Collective and provide for judicial consistency.

## COLLECTIVE DEFINITION

52. Plaintiff brings this lawsuit pursuant to Section 216(b) of the FLSA as a collective action on behalf of:

> All truck drivers employed by Fleetwood Transportation Services, Inc. who, within the last three (3) years, only drove intrastate routes between mills in the same state, worked over forty (40) hours in a workweek and were not paid overtime.

## VIOLATION OF THE FLSA

53. Plaintiff incorporates the proceeding paragraphs by reference.

54. At all relevant times, Defendant has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

54. Defendant employed Plaintiff and each member of the FLSA Collective.

55. Defendant's pay policy denied Plaintiff and the members of the FLSA Collective overtime compensation as required by the FLSA.

56. Defendant's failure to pay Plaintiff and the FLSA Collective members overtime at rates not less than one and one-half times their regular rates violates 29 U.S.C. § 207.

57. Defendant's conduct, as described herein, was in willful violation of the FLSA.

58. Due to Defendant's FLSA violations, Plaintiff and the FLSA Collective members are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs of this action.

## RECORDKEEPING VIOLATION

59. Plaintiff incorporates the preceding paragraphs by reference.

60. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

## PRAYER

WHEREFORE, Plaintiff, Harrell Howard, prays for relief as follows:

1. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective members to permit them to join this action by filing a written notice of consent;

2. Judgment awarding Plaintiff and the other FLSA Collective members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. Pre- and post-judgment interest at the highest rate allowable by law; and

4. All such other and further relief to which Plaintiff and the other FLSA Collective may show themselves to be justly entitled.

## JURY DEMAND

Plaintiff, Harrell Howard, demands trial by jury on all issues so triable as a matter of right by jury.

Dated: September 4, 2019            Respectfully submitted,

/s/ Philip Bohrer
Philip Bohrer
Scott E. Brady
Amanda E. McGowen
**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, LA 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
phil@bohrerbrady.com
scott@bohrerbrady.com
amcgowen@bohrerbrady.com