**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| HARRELL HOWARD, Individually and On Behalf of All Others Similarly Situated | * * * | |
| Plaintiff, | * * | CASE NO.:    2:19-cv-1155 |
| versus | * * | |
| FLEETWOOD TRANSPORTATION SERVICES, INC. | * * * | |
| Defendant. | * | |

_____

**FIRST SUPPLEMENTAL AND AMENDED
COMPLAINT – COLLECTIVE AND CLASS ACTION**

COMES NOW, Plaintiff Harrell Howard, who supplements and amends his Complaint to read as follows:

**SUMMARY**

1.      Fleetwood Transportation Services, Inc. ("Defendant") employs truck drivers to make in-state deliveries to local mills.

2.      Although these drivers regularly work more than forty (40) hours in a workweek, Defendant does not pay them overtime.

3.      Defendant's policy of not paying these employees overtime wages violates the Fair Labor Standards Act ("FLSA").

4.      This collective action seeks to recover the unpaid wages, liquidated damages and other damages owed to these drivers, together with attorneys' fees, interest and costs of these proceedings.

1

5.     This lawsuit also seeks recovery of unpaid wages for the time drivers spent waiting for their trucks to be loaded and unload, or otherwise referred to as wait-time or detention. Said time is hereinafter referred to as "Detention."

6.     Defendant's policy of not paying Detention resulted in the wrongful denial of wages, including overtime pay under the FLSA.

7.     Defendant further committed retaliatory actions against Plaintiff for asserting his rights under the FLSA, entitling him to lost wages and additional damages.

### JURISDICTION & VENUE

8.     This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant conducts substantial business in this District, sending Plaintiff and FLSA Collective members to perform work in this District while subjecting them to Defendant's improper and illegal payroll practices.

10.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims.

### PARTIES

11.     Harrell Howard ("Plaintiff") was employed by Defendant as a truck driver and was paid a piece-rate. Plaintiff is domiciled in Louisiana and picked up wood chips from lumber mills in Louisiana and delivered those loads to paper mills in Louisiana.

12.     Plaintiff's assigned routes were intrastate within Louisiana.  Plaintiff did not receive or deliver products outside the State of Louisiana.

13.     Plaintiff's written consent to join this action is attached. (Exhibit "A").

2

14.     Upon information and belief, Defendant is a Texas corporation not authorized to do but doing business in the State of Louisiana.

15.     Defendant may be served through its registered agent, Harry H. Lynch, 1845 Woodall Rodgers Freeway, Suite 1600, Dallas, Texas 75201.

16.     Defendant paid each of the FLSA Collective members a piece-rate, salary or hourly wage with no overtime premium for hours worked in excess of forty (40) in a workweek.

17.     Defendant's payroll practice, and classification of these workers as overtime exempt, violated the FLSA.

### FACTS

18.     Defendant is in the business of hauling forest products, including wood chips.[1]

19.     Defendant's Forest Products Division conducts business throughout Texas, Louisiana, Arkansas and Mississippi.

20.     Defendant employed Plaintiff to pick up wood chips from mills in Florien, Louisiana ("Florien") and Oakdale, Louisiana ("Oakdale"), and deliver the wood chips to a paper mill in Deridder, Louisiana ("Deridder").

21.     The wood chips were converted to paper products after delivery to the Deridder paper mill.

22.     Upon information and belief, Defendant has other forest product operations in Texas, Louisiana, Arkansas and Mississippi which all operate in a similar manner.

---

[1]     http://www.ftwd.net/divisions/forest-products (last visited on 8/26/2019).

3

23.     Defendant's employees routinely handle goods or materials – such as trucks, tires, trailers and Zonar tracking devices - that have moved in, or were produced for, interstate commerce.

24.     In each of the past three years, Defendant's gross revenue has far exceeded $500,000.

25.     Drivers in Defendant's Louisiana Forest Products Division delivered loads of wood chips and other forest products to mills within the state to be processed and converted into various paper products.

26.     Numerous other FLSA Collective Members in Texas, Arkansas and Mississippi also drove local, intrastate routes, and delivered wood chips and other forest products to paper mills to be processed and converted into various paper products.

27.     Defendant paid Plaintiff a piece-rate based on the number of loads hauled from the mills in Florien or Oakdale to a paper mill in Deridder. For a short period of time, Plaintiff was paid a salary.

28.     Plaintiff worked for Defendant from approximately January 2019 until July 2019.

29.     Plaintiff was regularly scheduled to work over forty (40) hours in a workweek. Plaintiff's usual daily work shift was from 1:00 p.m. until 1:00 a.m., and later changed to 4:00 p.m. until 4:00 a.m. Plaintiff worked five (5) to six (6) days per week.

30.     For example, Plaintiff worked in excess of forty (40) hours during the week of March 30, 2019 to April 5, 2019.  Although Plaintiff worked overtime during this period, he was paid solely on his piece-rate of $59.16 per load or $57.61 per load.  He was not paid an overtime premium for the hours worked in excess of forty (40) during that workweek.

4

31.     An employer can pay a non-exempt employee on a piece-rate basis *provided* the employee receives overtime pay for hours worked in excess of forty (40) in a workweek, which Defendant did not pay. 29 C.F.R. § 778.111

32.     Plaintiff's work schedule is typical of the work schedule for the FLSA Collective members.

33.     Over the past three (3) years, Defendant employed dozens, if not hundreds, of individuals – including Plaintiff – as intrastate truck drivers hauling loads of forest products to paper mills within the same state.

34.     The FLSA Collective members are not exempt from the overtime requirements of the FLSA.

35.     While the precise job duties of the FLSA Collective members may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek.

36.     All of the FLSA Collective members perform manual labor in support of Defendant's forest products operation.

37.     All of the FLSA Collective members are entitled to overtime pay.

38.     None of the FLSA Collective members received overtime pay.

39.     Defendant knows the FLSA Collective members worked more than forty (40) hours in a workweek.

40.     Defendant routinely scheduled Plaintiff and other FLSA Collective members to work more than forty (40) hours per workweek.

41.     Defendant knows the FLSA Collective members were not exempt from the overtime requirements of the FLSA.

42.     Nonetheless, Defendant did not (and does not) pay the FLSA Collective members overtime wages for hours worked in excess of forty (40) in a workweek.

43.     Defendant further did not consider Detention in the payment of wages and the calculation of overtime pay.

44.     Drivers were routinely required to wait for their trucks to be loaded and unloaded at the various sites and mills without compensation.

45.     Plaintiff rightfully voiced his opposition to Defendant's payroll practices and policies, and filed the instant lawsuit.

46.     Despite protections under the FLSA, Defendant retaliated against Plaintiff refusing to hire him for further deliveries, and instructing third-party individuals and companies to avoid hiring him or cease using his services.

COLLECTIVE ACTION ALLEGATIONS

47.     Plaintiff brings this claim under Section 216(b) of the FLSA as a collective action.

48.     The same policy that caused Plaintiff to be denied his overtime pay caused the FLSA Collective members to be denied their overtime pay.

49.     While the precise job duties performed by the FLSA Collective members might vary somewhat, these differences do not matter for the purpose of determining their entitlement to overtime.

50.     Nor do any differences in job duties matter for determining whether Defendant's policy of not paying the FLSA Collective members overtime is legal.

51.     The members of the FLSA Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

52.     Because Defendant uniformly failed to pay overtime to the FLSA Collective members, Plaintiff and the FLSA Collective members are similarly situated within the meaning of 29 U.S.C. § 216(b).

53.     Upon information and belief, Defendant employed numerous truck drivers who were paid hourly, salary or piece-rate, like Plaintiff, in the United States during the past three (3) years.

54.     Nearly all of the questions related to Plaintiff and the FLSA Collective members can be answered on a collective basis.

55.     Defendant's practice of not paying members of the FLSA Collective overtime wages is based on established companywide policies.

56.     Defendant's payroll and time-keeping records would permit accurate calculation of damages with respect to each member of the FLSA Collective.

57.     Absent a collective action, many members of the FLSA Collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the FLSA.

58.     Furthermore, individual litigation would be unduly burdensome to the judicial system.

59.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the FLSA Collective and provide for judicial consistency.

COLLECTIVE AND CLASS DEFINITIONS

60.     Plaintiff brings this lawsuit pursuant to Section 216(b) of the FLSA as a collective action on behalf of:

> All truck drivers employed by Fleetwood Transportation Services, Inc. who, within the last three (3) years, only made intrastate

7

deliveries to paper mills, worked over forty (40) hours in at least one workweek, and were not paid overtime. ("FLSA Collective").

61.     Plaintiff brings this lawsuit under Fed. R. Civ. P. 23(a) and 23(b) as a class action under the Louisiana Wage Payment Act, La. R.S. 23:631 *et seq*., ("LWPA") on behalf of:

> All Louisiana intrastate truck drivers formerly employed by Fleetwood Transportation Services, Inc. who, within the last three (3) years, did not receive detention pay for all time spent waiting for trucks to be loaded and unloaded. ("Louisiana Rule 23 Class").

## VIOLATION OF THE FLSA

62.     Plaintiff incorporates the proceeding paragraphs by reference.

63.     At all relevant times, Defendant has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

64.     Defendant employed Plaintiff and each member of the FLSA Collective.

65.     Defendant's pay policy denied Plaintiff and the members of the FLSA Collective overtime compensation as required by the FLSA.

66.     Defendant's failure to pay Plaintiff and the FLSA Collective members overtime at rates not less than one and one-half times their regular rates violates 29 U.S.C. § 207.  Defendant's conduct, as described herein, was in willful violation of the FLSA.

67.     Due to Defendant's FLSA violations, Plaintiff and the FLSA Collective members are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs of this action.

## VIOLATIONS OF THE LOUISIANA WAGE PAYMENT ACT

57.     Plaintiff incorporates the preceding paragraphs by reference.

58.     According to public statements made by Defendant's CEO, it was Defendant's policy to pay its drivers for Detention.

59.     Despite the clear policy, Plaintiff and those similarly situated were not paid wages for Detention.

60.     Defendant also failed to consider Detention in the calculation of overtime wages under the FLSA.

61.     In accordance with the LPWA, Plaintiff sent a letter to Defendant on September 19, 2019 demanding payment of all unpaid wages owed to Plaintiff and other similarly situated individuals within 72 hours.

62.     To date, neither Plaintiff nor any of those similarly situated have not received Detention pay.

### RECORDKEEPING VIOLATION

63.     Plaintiff incorporates the preceding paragraphs by reference.

64.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

### RULE 23 CLASS

65.     Plaintiff incorporates the preceding paragraphs by reference.

66.     Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiff brings this action individually and on behalf of all similarly situated individuals.

67.     The persons in the Louisiana Rule 23 Class are so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, Defendant, on information and belief, has employed dozens, if not hundreds, of local,

intrastate drivers during the applicable state of limitations period. Plaintiff and the proposed Louisiana Rule 23 Class have been equally affected by Defendant's violations of the law.

68.     There are questions of law and fact common to the proposed Louisiana Rule 23 Class that predominate over any questions solely affecting individual members of the proposed Louisiana Rule 23 Class, including, but not limited to, the following:

    a.   Whether Defendant violated the LWPA for failure to pay wages for Detention;

    b.   The proper measure and calculation of damages; and

    c.   Whether Defendant's actions were willful or in good faith.

69.     Plaintiff's claims are typical of those members of the Louisiana Rule 23 Class. Plaintiff, like other members of the proposed Louisiana Rule 23 Class, was subject to Defendant's practices and policies described in this Complaint. Further, Plaintiff's job duties are typical of the Louisiana Rule 23 Class, as all class members are or were Louisiana residents formerly employed by Defendant as intrastate drivers.

70.     Plaintiff will fairly and adequately protect the interest of the proposed Louisiana Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

71.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the

need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

72.     Plaintiff intends to send notice to all members of the proposed Louisiana Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

### RETALIATION IN VIOLATION OF SECTION 15(a)(3)

73.     Plaintiff incorporates the preceding paragraphs by reference.

74.     Plaintiff worked for Defendant driving intrastate routes between Defendant's client's mills[2] until approximately July 2019.

75.     In late August or early September 2019, Plaintiff began working for Nicholas Latour.

76.     Upon information and belief, Mr. Latour runs his own trucking operation, but he contracts with Defendant to drive the same intrastate routes between the Boise Cascade and PCA mills that Plaintiff drove when he was directly employed by Defendant.

77.     In early September 2019, Plaintiff was informed by Mr. Latour that he would no longer be able to employ him to drive those routes as Mr. Latour had been informed by Wendy Bryan, Defendant's Flatbed and Van Division Operations Coordinator[3], that his contract with Defendant would be terminated if he continued to employ Plaintiff to drive those routes.

78.     In light of the direct threats by Defendant's representative, Plaintiff lost his routes with Mr. Latour.

79.     Thereafter, Plaintiff was retained by Carlos Benoit to drive an additional truck owned by Mr. Benoit on intrastate delivery routes between the Boise Cascade and PCA mills.

---

[2] The mills in Oakdale, Louisiana and Florien, Louisiana are owned by Boise Cascade. The mill in Deridder, Louisiana is owned by Packaging Corporation of America ("PCA").
[3] http://www.ftwd.net/contact (last visited October 3, 2019).

80.     Upon information and belief, Mr. Benoit is an owner/operator who drives for Defendant.

81.     Within approximately one or two days, Plaintiff was informed that when Mr. Benoit had called Defendant to provide them with Plaintiff's information for insurance purposes, he was informed by Wendy Bryan that under no circumstances would Mr. Benoit be allowed to have Plaintiff drive Mr. Benoit's additional truck on the routes between the Boise Cascade and PCA mills.

82.     As a result of Defendant's representative's actions, Mr. Benoit was unable to hire Plaintiff to drive Defendant's routes.

83.     Defendant was aware of Plaintiff's protected activity under the FLSA at the time it began engaging in retaliatory actions against Plaintiff.

84.     Plaintiff began texting his supervisor in approximately late June 2019 complaining about Defendant's violations of wage and hour law.  Plaintiff also advised his supervisor at that time that he had consulted an attorney regarding his rights under the FLSA.

85.     Additionally, Plaintiff's counsel sent Defendant a letter on August 19, 2019 requesting a copy of Plaintiff's personnel and payroll records.  Plaintiff's counsel was contacted by Bruce Wrinkle, Defendant's Director of Safety[4], on August 20, 2019 asking about the purpose for the request.

86.     Furthermore, the instant action was filed on September 4, 2019.

87.     The actions of Defendant in "black-balling" Plaintiff from other employment opportunities are in violation of the anti-retaliation provision, Section 15(a)(3) of the FLSA.

_____

[4] http://www.ftwd.net/contact (last visited October 3, 2019).

12

88.     The actions of Defendant were willful.

89.     Plaintiff has suffered losses and damages as a direct result of Defendant's action, entitling Plaintiff to lost wages, liquidated damages, front pay, compensatory damages, punitive damages, prejudgment interest, and attorneys' fees and costs of these proceedings.

90.     Plaintiff is also entitled to injunctive relief preventing Defendant from further "black-balling" him from additional employment opportunities.

PRAYER

WHEREFORE, Plaintiff, Harrell Howard, prays, pursuant to 29 U.S.C. § 216(b), for relief as follows:

1.      An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective members to permit them to join this action by filing a written notice of consent;

2.      Judgment awarding Plaintiff and the other FLSA Collective members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3.      Pre- and post-judgment interest at the highest rate allowable by law; and

4.      All such other and further relief to which Plaintiff and the other FLSA Collective may show themselves to be justly entitled.

WHEREFORE, Plaintiff, Harrell Howard, prays pursuant to FRCP 23 and the Louisiana Wage Payment Act, 23:631 *et seq.*, for relief as follows:

1.      Certifying this case as a class action in accordance with FRCP 23 with respect to the claims set forth herein;

2.      Appointing Plaintiff as class representative and his counsel as class counsel;

3.      Judgment against Defendant for violation of the Louisiana Wage Payment Act, 23:631 *et seq.*;

4.      Judgment awarding Plaintiff and the Louisiana Rule 23 Class members wages for unpaid Detention;

5.      Judgment awarding Plaintiff and the Louisiana Rule 23 Class members penalty wages, judicial interest and attorneys' fees and costs; and

6.      For such further relief as may be necessary and appropriate.

WHEREFORE, Plaintiff, Harrell Howard, further prays, pursuant to Section 15(a)(3) of the FLSA, for relief as follows:

1.      Judgment against Defendant for violation of Section 15(a)(3);

2.      Judgment awarding Plaintiff lost wages, liquidated damages, compensatory damages, and punitive damages;

3.      Judgment awarding Plaintiff prejudgment interest;

4.      Judgment awarding Plaintiff attorneys' fees and costs;

5.      Judgment for injunctive relief; and

6.      Judgment for all other relief this court deems just and equitable.

**JURY DEMAND**

Plaintiff, Harrell Howard, demands trial by jury on all issues so triable as a matter of right by jury.

Dated: October 7, 2019                                          Respectfully submitted,

/s/ Scott E. Brady
Philip Bohrer
Scott E. Brady
Amanda E. McGowen
**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B

14

Baton Rouge, LA 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
phil@bohrerbrady.com
scott@bohrerbrady.com
amcgowen@bohrerbrady.com